UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **HYDROCHEM LLC, INLAND INDUSTRIAL SERVICES GROUP LLC AND IISG GULF COAST LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-264-SDD-RLB** |
| **SCOTT DUPLESSIS, KORI THOMPSON, BERNARD SHEETS, SHANE MCMICHAEL, WHALEN PLAUCHE, CHARLES HARRIS AND VECTA ENVIRONMENTAL SERVICES, LLC** | |

## ORDER REGARDING ESI PROTOCOL

Before the Court is the parties' *Joint Motion for Entry of ESI Protocol Order* (R. Doc. 122) to govern the discovery of electronically stored information (ESI) in this case. After consideration of the Motion, and for good cause shown pursuant to the Federal Rules of Civil Procedure, the Motion is **GRANTED**. The parties are specifically directed to footnote 1 at page 6 of this Order, as revised by the Court.

**IT IS ORDERED** that the scope of production of ESI is limited to the time period of September 1, 2013, to the present. The parties may request the Court to extend this time period further back in time for good cause.

**IT IS FURTHER ORDERED** that the DEFENDANTS' CUSTODIANS and PLAINTIFFS' CUSTODIANS (collectively, the "Custodians") are as follows: the DEFENDANTS' CUSTODIANS include Scott Duplessis, Kori Thompson, Bernard Sheets, Shane McMichael, Whalen Plauche, Kenny Rouse, Charles Harris, Chad Kalland, Selena Ray, Chris McCoy, Gena Turner, Frank Lestelle, Scott Boudreaux, Reuben Saldivar, and Scott Halley;

and the PLAINTIFFS' CUSTODIANS include Gary Noto, Chris McCoy, Kori Thompson, Whalen Plauche, Bernard Sheets, Shane McMichael, Charles Harris, Jabbar Jackson, Michael Richards, Erik Canter, Troy Bercegaey, Scott Privat, and Brian Sholmire. The parties may identify additional Custodians for good cause based on the production of ESI and may request by motion that this Court include additional custodians to this ESI Protocol Order.

**IT IS FURTHER ORDERED** that the parties have fifteen (15) business days from the date of this order to exchange information regarding the location and existence of electronic data sources that may contain discoverable ESI (the "Data Map"), including information regarding the parties' policies and/or procedures regarding data retention; their computer servers and back-up and archival sources that store ESI; all computers, phones, tablets, and other storage devices issued to the Custodians or used by the Custodians for business purposes; all email accounts and cloud-storage/file-sharing service accounts used by the Custodians for business purposes; and any data source that the party identifies as not reasonably accessible pursuant to Fed. R. Civ. P. 26(b)(2).

**IT IS FURTHER ORDERED** that the following SEARCH TERMS have been agreed upon by the parties and will be used to search for relevant ESI within each Custodians' electronic data sources according to the following procedure. The Defendants will use the following SEARCH TERMS to search for relevant ESI within each of the DEFENDANTS' CUSTODIANS' electronic data sources:

- albermarle
- airliquide or (air w/2 liquide)
- altmatis
- (c&c w/5 coating)
- deltech or (del w/2 tech)
- diproinduca
- evonik
- (georgia w/2 pacific) or gp

- Kpaq
- marathon
- momentive
- noranda or noralinc
- nucor
- placid
- praxair
- taminco
- valero
- bullet
- ormet
- hexion
- honeywell
- dupont
- rate w/5 (sheet or schedule)
- (contract w/5 clarification!)
- "PSI @ 300 HP"
- "personnel rates"
- Inland or IISG or hydrochem
- hydroblasting w/2 rate!
- "LaPlace Equipment"
- "FS Solution!"
- NLB
- ("T&M" or "T & M" or "T/M" or "time and material") w/5 (rate! or proposal)
- (vendor or contractor or supplier) w/5 (author! or pack! or setup or set-up)
- master w/5 (service or contract or agreement)
- sheese or wsheese
- privat or sprivat
- budgetary w/2 (price or estimate)
- "economic proposal"
- styrenics
- "job descrip." and "work sheet"
- ("3D" or "3-D") and "PSI"
- john w/2 sanchez
- brandi w/2 vince
- tom w/2 acor
- john w/2 williamson
- olawale w/2 adebiyi
- ralph w/2 ramirez
- susan w/2 cheney
- marcus w/2 stewart

- stanley w/2 marshall
- eric w/2 shultz
- brad w/2 christians
- brandon w/2 cockrell
- kevin w/2 couvay

The Plaintiffs will use the following SEARCH TERMS to search for relevant ESI within each of the PLAINTIFFS' CUSTODIANS' electronic data sources:

- albermarle
- airliquide or (air w/2 liquide)
- altmatis
- (c&c w/5 coating)
- deltech or (del w/2 tech)
- diproinduca
- evonik
- (georgia w/2 pacific) or gp
- Kpaq
- marathon
- momentive
- noranda or noralinc
- nucor
- placid
- praxair
- taminco
- valero
- bullet
- ormet
- hexion
- honeywell
- dupont
- rate w/5 (sheet or schedule)
- (contract w/5 clarification!)
- "PSI @ 300 HP"
- Vecta
- hydroblasting w/2 rate!
- "LaPlace Equipment"
- "FS Solution!"
- ("T&M" or "T & M" or "T/M" or "time and material") w/5 (rate! or proposal)
- (vendor or contractor or supplier) w/5 (author! or pack! or setup or set-

- up)

- sheese or wsheese

- budgetary w/2 (price or estimate)

- "economic proposal"

- styrenics

- "job descrip." and "work sheet"

- ("3D" or "3-D") and "PSI"

- safety /3 viola!

- vendor /s (terminat! or cancel!)

- pre-qualif!

- bid /2 (list or walk)

- citation!

- john w/2 sanchez

- brandi w/2 vince

- tom w/2 acor

- john w/2 williamson

- olawale w/2 adebiyi

- ralph w/2 ramirez

- susan w/2 cheney

- marcus w/2 stewart

- stanley w/2 marshall

- eric w/2 shultz

- brad w/2 christians

- brandon w/2 cockrell

- kevin w/2 couvay

- millet w/2 don

- bonvillion w/2 tim

- rouse w/2 kenny

- torus

- delet! and (McMichael or Sheets or Plauche or Thompson or Bercegaey or Harris)

**IT IS FURTHER ORDERED** that once searches are run, the parties will confer regarding any search term that is producing an inordinate number of hits, suggesting the search term is overbroad.

**IT IS FURTHER ORDERED** that for any search term that produces no hits for a Custodian, the parties must certify in writing that the search term was run across the Custodian's electronic data sources identified on the Data Map and that the search produced no hits.

**IT IS FURTHER ORDERED** that should additional search terms likely to capture relevant ESI become apparent after the parties have agreed on a search term list, the requesting party's counsel will confer with the opposing party's counsel regarding such additional terms and will provide the opposing party fifteen (15) days to assess the additional search term requests. If the parties cannot agree on the requested additional search terms, the parties will request a status conference with the Court to reach a resolution and will simultaneously provide the Court with letter briefs explaining their respective positions.

**IT IS FURTHER ORDERED** that a party need not search for or produce ESI from any electronic data sources that the party identifies as not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2). The parties agree to confer in good faith regarding such data sources. If the parties cannot agree on issues related to the burden or cost of collection of ESI from such data sources, they will request a status conference with the Court to reach a resolution.

**IT IS FURTHER ORDERED** that, once the parties run searches utilizing the search terms in this Order or any additional agreed-upon or court-ordered search terms with respect to the relevant data sources for their respective Custodians, and produce, subject to any objections, the non-privileged documents that are responsive to written discovery requests and identified by said searches,[1] the parties will be deemed to have complied with their obligations to seek relevant ESI.

**IT IS FURTHER ORDERED** that the producing party shall produce ESI in its native electronically-stored/digital format.

---

[1] The parties are reminded of the discovery related deadlines currently in effect. (R. Doc. 119). The Motion and proposed Order does not request a timeframe for the actual production of responsive ESI. Rather than imposing such a deadline at this time, the parties are simply instructed to confer regarding the timely production of ESI and notify the Court if they are unable to reach an agreement regarding the time for the respective productions.

**IT IS FURTHER ORDERED** that**,** pursuant to Federal Rule of Evidence 502, compliance with this Order shall not waive the attorney-client privilege, work product doctrine, or any other privileges or protections afforded by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or the Protective Order. In the event that privileged documentation is inadvertently produced or Confidential Information not marked "Confidential" is produced under this Agreement, the producing party shall have the right to request return of the subject documents in writing and such documents shall be returned to the producing party within seven days; should a dispute arise, the party seeking production can move the Court and request an *in camera* review of the documentation at issue or a status conference to address the production issue.

**IT IS FURTHER ORDERED** that this ESI Protocol Order may be amended by the Court to address ESI issues as they arise.

Signed in Baton Rouge, Louisiana, on May 28, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**